Isaac S. Whitman, *Assignee, versus* Proprietors of Granite Church.

The record books of a corporation, duly authenticated, are evidence of its corporate acts. But before they are received as the books of the corporation, there must be proof, that they are the books of that corporation; that they have been kept as its records; and that the entries made therein have been made by the proper acting officer for that purpose.

Where the report of the case states, " that all the aforesaid *testimony* and evidence offered are subject to all legal objections," the opposing party is not precluded from objecting to the testimony, on the hearing of the law question, because no specific objection thereto appears to have been made at the trial.

Assumpsit for money had and received, and money paid, laid out and expended.

*Kent* and *Cutting*, for the plaintiff,

*A. Gilman*, for the defendants.

The opinion of the Court was drawn up by

Shepley J.— The report states, that the plaintiff "introduced in evidence a book purporting to be the records of the Granite Church." There does not appear to have been any proof, that it was the book of records of a corporation called the Granite Church, or that it was kept as such, and that the entries were made by a proper officer of the corporation. It is contended, that the book was admitted without objection. And if it does not so appear by the case as presented, that the book of records on inspection proves itself. It does not appear, that any specific objection was made to the introduction of the book; but the case states, that " all the aforesaid testimony and evidence offered are subject to all legal objections." An inspection of the book can only shew, what the case states, that it purported to be the book of records. In the case of *Sumner* v. *Sebec*, 3 Greenl. 223, the book, which was decided to have been legal testimony, was produced by the town clerk, who testified, that he received it from the former town clerk, who delivered it to him as the record of births and marriages in that town.

The general rule appears to be, that the record books of a corporation duly authenticated are evidence of its corporate acts. But before they are received as such, there must be proof, that they are the books of the corporation; that they have been kept as its records, and that the entries made therein have been made by the proper acting officer for that purpose. *Rex* v. *Mothersell,* 1 Strange, 93; *Turnpike Company* v. *McKean,* 10 Johns. R. 154. There is nothing in this case indicating, that it should form an exception to the general rule.

In case the plaintiff is not entitled to recover, the report states, that the default is to be taken off and a nonsuit is to be entered; but as there is apparently only a technical difficulty, which may be easily removed, the default is taken off and a new trial is granted.